UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-00121-AWI-SAB (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 20)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES |

　　　　Plaintiff Rick Ramirez is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On December 15, 2021, Plaintiff filed the instant complaint alleging that in the month of October 2021, there was a "mix-up" of blood specimen samples at Wasco State Prison which resulted in Plaintiff testing positive for HIV causing him to become suicidal.

　　　　On February 18, 2022, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed for failure to exhaust the administrative remedies. (ECF No. 20.) Plaintiff failed to file a response and the time to do so has passed.

///

///

///

# I.

# LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner

and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Currently, the California prison grievance system has two levels of review. Cal. Code Regs. tit. 15, §§ 3483, 3486. Generally, "[c]ompletion of the review process by the Office of Appeals constitutes exhaustion of all administrative remedies available to a claimant within the Department." Cal. Code Regs. tit. 15, § 3486.

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of Plaintiff's Complaint, it is clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal....") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).' ") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

## II.

## DISCUSSION

It is clear from the face of Plaintiff's complaint that he has not exhausted administrative remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this lawsuit. In response to the question whether there is a grievance procedure at his institution, Plaintiff checks the box "yes." (ECF No. 1 at 1.) In response to the question whether he presented his claim for review through the grievance procedure, Plaintiff states, "Suicide is not a grievable issue nor does it remedy it. As you see factually, this prison processing procedure are far from being accurate or dependable. My

life is also in danger to possible HIV contamination."[1] (Id. at 2.) Thus, it appears on the face of the complaint that Plaintiff failed to exhaust his administrative remedies before filing suit.[2] Accordingly, Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

### III.
### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the order to show cause issued on February 18, 2022 is discharged.

Further, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust the administrative remedies prior to filing suit.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff appears to misunderstand the applicable law. Exhaustion is not required only where the grievance procedure can prevent an inmate from being injured. Instead, it is required regardless of the relief sought and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide *any relief or to take any action whatsoever* in response to a complaint." Booth, 532 U.S. at 736 (emphasis added); see also Ross v. Blake, 587 U.S. 632, 639 (2016). Here, there are no factual allegations suggesting that the administrative procedure lacks authority to provide any relief or take any action whatsoever.

[2] Although Plaintiff filed an amended complaint on January 5, 2022 (ECF No. 7), it does not establish exhaustion, and Plaintiff has not rebutted his admission in the initial complaint that he failed to exhaust the administrative remedies for any claims presented in this action.